**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4425

RODNEY WASHINGTON, a/k/a Hotrod,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4441

RODNEY WASHINGTON, a/k/a Hotrod,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-194)

Submitted: April 29, 1998

Decided: May 15, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen T. Schachte, Charleston, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Washington pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, see 21 U.S.C. § 846 (1994), and was sentenced to 108 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view there are no meritorious issues for appeal. Washington was informed of his right to file a pro se supplemental brief but has not filed one. After a thorough review of the record, we affirm.

Washington's counsel first suggests that the district court should have reduced Washington's offense level under USSG§ 3B1.2 (Mitigating Role).[1] Washington did not raise this issue at sentencing and consequently has waived all but plain error review. See United States v. Olano, 507 U.S. 725, 732 (1993). Because Washington stipulated in his plea agreement that no mitigating role adjustment was warranted, we find that the district court did not plainly err in failing to make such an adjustment. Second, defense counsel argues that the sentence was greater than necessary to accomplish the statutory purpose of 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1998). Washington raised this issue below, arguing that the statute and the sentencing guidelines required too harsh a sentence. However, Washington in

_____

[1] U.S. Sentencing Guidelines Manual (1995).

2

fact was sentenced quite leniently,[2] and we find that the district court did not commit prejudicial error in complying with the applicable statutes and guidelines.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED
_____
[2] The district court reduced Washington's sentence below the mandatory minimum of 10 years by applying the safety valve provision, see 18 U.S.C.A. § 3553(f), USSG § 5C1.2, even though Washington failed to cooperate fully (he failed a polygraph test and refused to take a second test). While the government disputed the court's decision at sentencing, it has not raised the issue on appeal.

3